J. Scott Dutcher (Bar No. 026174)
MARICOPA COUNTY
OFFICE OF GENERAL LITIGATION SERVICES
301 West Jefferson Street, Suite 3200
Phoenix, Arizona 85003-2143
Telephone (602) 372-5700
dutchers@mail.maricopa.gov
GLS_Court_Minute_Entries@mail.maricopa.gov

Attorneys for Defendant Maricopa County
Sheriff's Office

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| GEORGE ABARAH,<br><br>          Plaintiff,<br><br>     v.<br><br>CITY OF SCOTTSDALE POLICE DEPARTMENT, MARICOPA COUNTY SHERIFF'S OFFICE,<br><br>          Defendants. | No. CV10-1539-PHX-DGC<br><br>**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT; AND IN THE ALTERNATIVE, MOTION FOR A MORE DEFINITE STATEMENT** |

Pursuant to Federal Rule of Civil Procedure 12(b), Defendant Maricopa County Sheriff's Office ("MCSO") moves to dismiss Plaintiff's Complaint because MCSO is not a jural entity amenable to suit and the Complaint fails to state a claim.  In the alternative and pursuant to Rule 12(e), Defendant moves for a more definite statement, as Plaintiff's Complaint is so vague and ambiguous that Defendant cannot reasonably prepare a response. These Motions are supported by accompanying Memorandum of Points and Authorities:

**Memorandum of Points and Authorities**

**I.     MCSO IS A NON-JURAL ENTITY THAT IS INCAPABLE OF BEING SUED.**

In Arizona, a government entity may be sued only if the legislature has expressly given that entity the power to be sued. *See Braillard v. Maricopa County*, 224 Ariz. 481, ¶ 12, 232 P.3d 1263, 1269 (2010) ("Governmental entities have no inherent power and possess only those powers and duties delegated to them by their enabling statutes.");

MARICOPA COUNTY
OFFICE OF GENERAL
LITIGATION SERVICES
301 WEST JEFFERSON STREET, SUITE 3200
PHOENIX, ARIZONA 85003-2143

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

*Schwartz v. Superior Court,* 186 Ariz. 617, 619, 925 P.2d 1068, 1070 (App. 1996) (same); *see also* 56 Am.Jur.2d *Municipal Corporations, Counties, Other Political Subdivisions* § 787 ("[D]epartments and subordinate entities of . . . counties . . . that are not separate legal entities or bodies do not have the capacity to sue or be sued in the absence of specific statutory authority."). "Although A.R.S. § 11-201(A)(1) provides that counties have the power to sue and be sued through their boards of supervisors, no Arizona statute confers such power on MCSO as a separate legal entity." *Braillard*, 232 P.3d at 1269, ¶ 12. **On May 27, 2010, the Arizona Court of Appeals unequivocally held that "MCSO is a nonjural entity and should be dismissed from this case."** *Id.* at 1269, ¶ 13.

Numerous federal district court cases, including several cases before Judge Campbell, have similarly held that MCSO is a non-jural entity that is incapable of being sued. *See Lovejoy v. Arpaio*, 2010 WL 466010, at *16 (D. Ariz. 2010) (Wake, J.); *Flores v. Maricopa County*, 2009 WL 2169159, at *3 (D. Ariz. 2009) (Campbell, J.); *Ekweani v. Maricopa County Sheriff's Office*, 2009 WL 976520, at *2 (D. Ariz. 2009) (Martone, J.); *Payne v. Arpaio*, 2009 WL 3756679, at *4 (D. Ariz. 2009) (Wake, J.); *Stokes v. Arpaio*, 2007 WL 951970, at *1 (D. Ariz. 2007) (Campbell, J.); *Wilson v. Maricopa County*, 2005 WL 3054051, at *1-3 (D. Ariz. 2005) (Campbell, J.); *see also Murphy v. State of Arizona Coconino County Sheriff's Dep't*, 2008 WL 4418162, at *1 (D. Ariz. 2008) (Campbell, J.) (dismissing the Coconino County Sheriff's Department as a non-jural entity).

Accordingly, Plaintiff's Complaint against MCSO must be dismissed with prejudice.

## II. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM AGAINST MCSO.

Plaintiff's allegations must go beyond "labels and conclusions, and a formulaic recitation of the elements of a cause of action" and provide the Court and parties the grounds of his alleged entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950

MARICOPA COUNTY
OFFICE OF GENERAL
LITIGATION SERVICES
301 WEST JEFFERSON STREET, SUITE 3200
PHOENIX, ARIZONA 85003-2143

2

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

(2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action," such as those contained in Plaintiff's Complaint, "supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

Here, Plaintiff's Complaint contains nothing more than vague, conclusory statements against MCSO, which are summarized at page three of his Complaint as follows:

> There were also a plethora of assaults and further inhumane and derogatory treatment of the plaintiff by personnel identified as staff with the Maricopa country (sic) sheriff's office, who engage in unfathomable levels of battery and assault, while the plaintiff was hospitalized and being held on fabricated stories.

MCSO is mentioned three times in the body of Plaintiff's Complaint.  In each instance, Plaintiff provides no factual allegations about MCSO's alleged misconduct. Plaintiff fails to identify/describe the date(s) in question, the location(s), any specific conduct, or the name(s) of MCSO officers at issue.  Once these bare conclusory statements are stripped from the Complaint, no factual allegations remain against MCSO that would allow the Court to draw any reasonable inference on potential MCSO liability.

Accordingly, Plaintiff's Complaint must be dismissed as it fails to state a claim against MCSO.

### III. PLAINTIFF MUST BE REQUIRED TO MORE SPECIFICALLY PLEAD THE ALLEGED MISCONDUCT OF MCSO.

In the event that this Court does not dismiss Plaintiff's Complaint against MCSO, MCSO requests this Court to direct Plaintiff to provide a more definite statement relating to Plaintiff's allegations against MCSO that, at present, are so vague and ambiguous

MARICOPA COUNTY
OFFICE OF GENERAL
LITIGATION SERVICES
301 WEST JEFFERSON STREET, SUITE 3200
PHOENIX, ARIZONA 85003-2143

3

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

that MCSO cannot reasonably frame a responsive pleading. A more definite statement is required for the same reasons set forth above in Section II, *supra*.

**IV.   CONCLUSION**

For the foregoing reasons, Defendant Maricopa County Sheriff's Office respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice. In the alternative, MCSO requests this Court to direct Plaintiff to provide a more definite statement relating to Plaintiff's allegations against MCSO.

RESPECTFULLY SUBMITTED this 16th day of August, 2010.

MARICOPA COUNTY OFFICE OF
GENERAL LITIGATION SERVICES

BY: */s/ J. Scott Dutcher*
J. Scott Dutcher
301 W. Jefferson, Suite 3200
Phoenix, AZ 85003
*Attorneys for Defendant Maricopa County Sheriff's Office*

ORIGINAL of the foregoing **E-FILED** this
16th day of August, 2010 with automatically
generated **E-COPIES** to:

Honorable David G. Campbell
United States District Court
Sandra Day O'Connor U.S. Courthouse, Suite 623
401 West Washington Street, SPC 58
Phoenix, AZ 85003

Eric C. Anderson
SCOTTSDALE CITY ATTORNEY'S OFFICE
3939 N. Drinkwater Blvd.
Scottsdale, AZ 85251-4468
*Attorneys for Defendant City of Scottsdale Police Department*

and **COPY** sent to:

George Abarah
8040 E. Oak St.
Scottsdale, AZ 85257
*Plaintiff in Pro Per*

*/s/ Jennifer Christiansen*
S:\Cases\2010\T\Abarah - T10-0102\Abarah - MTD.docx

MARICOPA COUNTY
OFFICE OF GENERAL
LITIGATION SERVICES
301 WEST JEFFERSON STREET, SUITE 3200
PHOENIX, ARIZONA 85003-2143

4

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT