**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Abarah, | No. CV-10-1539-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| City of Scottsdale Police Department; and Maricopa County Sheriff's Office, | |
| Defendants. | |

Plaintiff filed suit against Defendants on July 21, 2010, asserting excessive force and various other claims. Doc. 1. Defendant Maricopa County Sheriff's Office ("MCSO") has filed a motion to dismiss on grounds that it is a non-jural entity and the complaint fails to state a claim to relief. Doc. 16. The motion is fully briefed. Docs. 17, 18. The motion will be granted to the extent MCSO argues that it is a non-jural entity.

"Government entities have no inherent power and possess only those powers and duties delegated to them by their enabling statutes. Thus, a governmental entity may be sued only if the legislature has so provided." *Braillard v. Maricopa County*, 232 P.3d 1263, 1269 (Ariz. Ct. App. 2010) (citations omitted). Although Arizona counties have been granted the power to sue and be sued through their boards of supervisors, *see* A.R.S. § 11-201(A)(1), "no Arizona statute confers such power on MCSO as a separate legal entity." *Id.* MCSO, therefore, is a non-jural entity without the capacity to be sued. *See id.*; *Lovejoy v. Arpaio*, No. CV 09-1912-PHX-NVW, 2010 WL 466010, at *16 (D. Ariz. Feb. 10, 2010). The claims asserted against MCSO will be dismissed.

1  Under Rule 15 of the Federal Rules of Civil Procedure, the Court should freely give
2 leave to amend when justice so requires. Fed. R. Civ. P. 15(a)(2). This Circuit has held that
3 "[a] pro se litigant must be given leave to amend his or her complaint unless it is absolutely
4 clear that the deficiencies of the complaint could not be cured by amendment." *Karim-*
5 *Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (quotation marks and citations
6 omitted). If Plaintiff wishes to bring claims against Maricopa County itself or individual
7 employees of the County, the Court will grant him leave to file an amended complaint.
8 Plaintiff shall have until **November 5, 2010** to file an amended complaint. If Plaintiff wishes
9 to assert claims only against Defendant City of Scottsdale (*see* Docs. 1, 6), he need not file
10 an amended complaint.

11  For purposes of an amended complaint, Plaintiff is directed to Rule 8 of the Federal
12 Rules of Civil Procedure. Rule 8(a) provides that a complaint shall contain a short and plain
13 statement of the grounds upon which the court's jurisdiction depends, a short and plain
14 statement of the claim showing that the plaintiff is entitled to relief, and a demand for
15 judgment for the relief the plaintiff seeks. Fed. R. Civ. P. 8(a)(1)-(3). These pleading
16 requirements shall be set forth in separate and discrete paragraphs. The paragraphs must be
17 numbered in consecutive order, and each paragraph must be "simple, concise, and direct."
18 Fed. R. Civ. P. 8(d)(1). Each claim for relief must be set forth in separate numbered counts
19 (i.e., count one, count two, etc.).

20  Plaintiff is advised that the amended complaint must give each defendant "fair notice
21 of what the . . . claim[s] [are] and the grounds upon which [they] rest." *Bell Atl. Corp. v.*
22 *Twombly*, 550 U.S. 544, 555 (2007). This includes some factual basis for each claim and the
23 specific legal theory supporting the claim. "Threadbare recitals of the elements of a cause
24 of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129
25 S. Ct. 1937, 1949 (2009); *see McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (the
26 complaint must set forth "who is being sued, for what relief, under what theory, with enough
27 detail to guide discovery"); *In re Cutera Sec. Litig.*, 610 F.3d 1108 (9th Cir. 2010)
28 ("'conclusory allegations of law and unwarranted inferences are insufficient to defeat a

motion to dismiss for failure to state a claim'") (citation omitted).

Plaintiff is further advised that he must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"). *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (pro se litigants "must follow the same rules of procedure that govern other litigants"); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) (pro se litigants "should not be treated more favorably than parties with attorneys of record"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates."). The Federal Rules of Civil Procedure are available at the following Internet website: http://www.law.cornell.edu/rules/frcp/. A copy of the Court's Local Rules of Civil Procedure may be obtained from the Clerk's Office and are available online at the Court's Internet website: www.azd.uscourts.gov (follow hyperlink titled "Opinions/Orders/Rules").

If Plaintiff fails to prosecute this action, or if he fails to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

**IT IS ORDERED:**

1. The motion to dismiss filed by Defendant Maricopa County Sheriff's Office (Doc. 16) is **granted** as set forth in this order. The alternative motion for a more definite statement is **denied** as moot.

2. Plaintiff is granted leave to file an amended complaint by **November 12, 2010**.

3. The Court will set a case management conference by separate order.

DATED this 18th day of October, 2010.

*David G. Campbell*
David G. Campbell
United States District Judge