**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Abarah, | No. CV-10-1539-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| City of Scottsdale Police Department; and Maricopa County Sheriff's Office, | |
| Defendants. | |

Plaintiff has filed a motion to recuse the undersigned Judge (Doc. 33) and a motion to alter the Court's previous order dismissing Defendant Maricopa County Sheriff's Office ("MCSO") from this case (Doc. 34). The Court will construe the latter motion as a motion for reconsideration. The Court will deny both motions.

**I.     Motion to Recuse.**

Under 28 U.S.C. § 455(a), "[a]ny . . . judge, or magistrate judge of the United States . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Plaintiff's basis for seeking recusal in this case is the Court's previous order dismissing MCSO from this litigation. This does not constitute a proper basis for recusal. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Letiky v. United States*, 510 U.S. 540, 555 (1994). Because Plaintiff provides no other basis for seeking recusal in this case, and because the Court finds no other basis on which its impartiality might reasonably be questioned, the motion will be denied.

## II. Motion for Reconsideration.

On October 18, 2010, the Court entered an order dismissing MCSO from this case as a non-jural entity. Doc. 19. Plaintiff argues that this decision was improper, unconstitutional, and a violation of the Federal Rules of Civil Procedure.

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Stetter v. Blackpool*, No. CV 09-1071-PHX-DGC, 2009 WL 3348522, at *1 (D. Ariz. Oct. 15, 2009). A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM, 2008 WL 1776502, at *2 (D. Ariz. 2008). Nor should reconsideration be used to ask the Court to rethink its analysis. *Id.*; *see N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

Courts in this district have identified four circumstances where a motion for reconsideration will be granted: (1) the moving party has discovered material differences in fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence, (2) material factual events have occurred since the Court's initial decision, (3) there has been a material change in the law since the Court's initial decision, or (4) the moving party makes a convincing showing that the Court failed to consider material facts that were presented to the Court at the time of its initial decision. *See, e.g.*, *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

Plaintiff has not satisfied any of these requirements. As the Court explained in its previous order, no Arizona statute confers upon MCSO the power to sue or be sued as a separate legal entity. Plaintiff's motion for reconsideration will therefore be denied.

## III. Other Matters.

Plaintiff's filing of December 30, 2010, states that he wishes to pursue this litigation.

Doc. 34.  As a result, the Court will enter a Case Management Order that reflects the scheduling information provided by Plaintiff and the City of Scottsdale.  Docs. 25, 30.

Plaintiff argues at various places in his recent filings that he is entitled to recover from Maricopa County and the State of Arizona.  The caption of his recent filings also names the Attorney General of the United States.  None of these persons or entities has been sued as a Defendant in this case.  As a result, the Case Management Order will concern the claim asserted by Plaintiff in his original complaint against the City of Scottsdale.

**IT IS ORDERED:**

1. Plaintiff's motion to recuse (Doc. 33) is **denied**.
2. Plaintiff's motion to alter (Doc. 34) is **denied**.
3. The Court will enter a Case Management Order separately.

DATED this 24th day of January, 2011.

David G. Campbell
United States District Judge