**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Abarah,<br><br>          Plaintiff,<br><br>vs.<br><br>City of Scottsdale Police Department, et al.,<br><br>          Defendants. | No. CV10-1539-PHX-DGC<br><br>**ORDER** |

Plaintiff has filed a motion to recuse and for clarification of defendants. Doc. 37. Plaintiff previously filed a motion to recuse the undersigned judge (Doc. 33) and a motion to alter the Court's previous order dismissing Defendant Maricopa County Sheriff's Office ("MCSO") (Doc. 34). In a January 24, 2011 order, the Court denied the previous motions. Doc. 36. The Court will construe the current motion as a motion for reconsideration of the Court's previous orders.

Under 28 U.S.C. § 455(a), "[a]ny . . . judge, or magistrate judge of the United States . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Plaintiff's basis for seeking recusal in this case is the Court's previous order dismissing MCSO from this litigation. As stated in the Court's earlier order, this does not constitute a proper basis for recusal. Doc. 36. Plaintiff provides no basis for reconsidering the Court earlier decision.

On October 18, 2010, the Court entered an order dismissing MCSO from this case as a non-jural entity. Doc. 19. On January 24, 2011 the Court entered an order denying

Plaintiff's motion for reconsideration of this ruling. Doc. 36. Plaintiff has filed no basis for reconsidering either of the Court's earlier rulings. *See* LRCiv 7.2(g)(1); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM, 2008 WL 1776502, at *2 (D. Ariz. 2008).

Finally, Plaintiff has filed a document titled Notice of Initial Disclosures and Motion for Discovery Request. Doc. 38. Among other things, Plaintiff seeks production of certain information. A request for production is not directed to the Court under Rule 34 of the Federal Rules of Civil Procedure. Rather, the request must be directed at opposing parties in the litigation and must comply with Rule 34. Other discovery requests are likewise directed to opposing parties, not to the Court, and must comply with the relevant Rules of Civil Procedures. *See, e.g.,* Rules 30, 33, 36.

Plaintiff advised the Court in his filing of December 30, 2010 that he wishes to pursue this litigation. Doc. 34. As a result, the Court entered a Case Management Order in this case on January 24, 2011. Doc. 35. The Case Management Order sets a discovery deadline of June 17, 2011 and a motions deadline of July 15, 2011. The deadline for engaging in good faith settlement talks is May 27, 2011. Plaintiff is advised that the Court intends to enforce the deadlines set forth in the Case Management Order.

**IT IS ORDERED:**

1. Plaintiff's motion to recuse and clarification of defendants (Doc. 37) is **denied**.
2. Plaintiffs motion for discovery (Doc. 38) is **denied as moot**.
3. Plaintiff shall not file further motions to reconsider the Court's orders denying recusal and dismissing MCSO.

Dated this 3rd day of March, 2011.

_____
David G. Campbell
United States District Judge