**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Abarah,<br><br>   Plaintiff,<br><br>vs.<br><br>City of Scottsdale Police Department, et al.,<br><br>   Defendants. | No. CV10-1539 PHX-DGC<br><br>**ORDER** |

On July 6, 2011, Defendants filed a motion for summary judgment. Doc. 44. *Pro se* Plaintiff has filed no response, and the time for doing so has expired. *See* LRCiv. 56.1(d); Fed. R. Civ. P. 6(d). On September 26, 2011, the Court ordered Plaintiff to file a response by October 14, 2011. Doc. 45. Plaintiff has not complied.[1]

Rule 56 of the Federal Rules of Civil Procedure provides, in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial. *If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party*.

Fed. R. Civ. P. 56(e) (emphasis added); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (holding that summary judgment is appropriate against a party who "fails to

---

[1] Pursuant to Local Rule of Civil Procedure 7.2(i), "such non-compliance may be deemed a consent to the . . . granting of the motion."

make a showing sufficient to establish the existence of an element essential to that party's case"); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.").

Defendants' arguments as to unlawful arrest, Section 1983 excessive force, assault and battery, intentional infliction of emotional distress, and defamation are persuasive in the absence of Plaintiff's opposition. The Court will grant Defendants' motion for summary judgment because the undisputed evidence offered in support of the motion "show[s] that there is no genuine issue as to any material fact and that [Defendants are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex*, 477 U.S. at 322-23.

In the alternative, the Court will dismiss Plaintiff's remaining claims against Defendants for failure to comply with the Court's order and for lack of prosecution. The Ninth Circuit has developed "a five-part 'test' to determine whether a dismissal sanction is just: '(1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Valley Eng'rs, Inc. v. Electric Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (quoting *Malone v. USPS*, 833 F.2d 128, 130 (9th Cir. 1987)); *see also Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). "[W]here a court order is violated, factors 1 and 2 support sanctions and 4 cuts against case dispositive sanctions, so 3 and 5 . . . are decisive." *Valley Eng'rs*, 158 F.3d at 1057. Factor 5 "involves consideration of three subparts: whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal." *Id*.

Considering this five-factor test, the Court concludes that dismissal is an appropriate sanction in this case. The public's interest in expeditious resolution of

litigation and the Court's need to manage its docket require action when a plaintiff refuses to prosecute a case. In addition, Defendants will be subject to prejudice if a sanction of dismissal is not imposed. Defendants are unable to move forward with their defense of this case when Plaintiff refuses to respond to their motion and the Court's order. Finally, the Court has considered less drastic sanctions, but none is apparent. Plaintiff has not responded to the motion for summary judgment and has refused to comply with the Court's order. The Court specifically stated the actions Plaintiff must take to defend against the motion for summary judgment (Doc. 45). Plaintiff failed to comply, and the motion has been pending for more than three months. The Court concludes that the appropriate resolution of this problem is to dismiss Plaintiff's case.

**IT IS ORDERED**:

1. Defendants' motion for summary judgment (Doc. 44) is **granted** as stated above.

2. The Clerk shall terminate this action.

Dated this 31st day of October, 2011.

_____
David G. Campbell
United States District Judge